### CLIFFORD v. LIQUOR DISTRIBUTORS, Inc.

Industrial Commission.

December 8, 1952.

Robertson & McLeod, Coral Gables, for claimant.

Dixon, DeJarnette & Bradford, Miami, for employer and insurance carrier.

Chairman RAYMOND E. BARNES, Commissioner JAMES A. HARPER and Commissioner J. C. PACE participated in the disposition of this matter. ·

BY THE COMMISION.

This matter was heard on an application for review filed with the commission by the director of the workmen's compensation division on behalf of the commission. The award of deputy commissioner Allen Clements dated November 10, 1952, among other things, required and ordered the carrier to reimburse the claimant for his expenditures for a truss prescribed by the attending physician before a radical operation for a hernia. Prior to the decision in the instant case one of the commission's deputies, in the case of Hildebrandt v. Claude Nolan, Inc., claim #R-29027, had held—"The claimant is not entitled to reimbursement for the expenditure for the truss, as there is no provision in the Workmen's Compensation Act for this."

In view of the discrepancy and direct conflict in the orders as rendered by two of the commission's deputies the commission deems it advisable and expedient to review the instant case on its own motion so as to reconcile this divergence of opinion.

While it is true that section 440.15 (6) (f), Florida Statutes 1951, sets forth specifically that—"All hernia, inguinal, femoral, or otherwise, * * * shall be treated at the expense of the employer in a surgical manner by radical operation"—and while it is also true that this section contains two designated or enumerated exceptions to the above and makes no mention of the furnishing of other medical or remedial treatment, the commission is of the opinion that *all pertinent sections* of the Act must be construed together, and section 440.13, the medical provisions section thereof, requires the employer to furnish—"medical, surgical, and/or other attendance or remedial treatment under the direction and supervision of a qualified physician or surgeon, or other recognized practitioner, nurse, hospital service, medicine, crutches, artificial members, and apparatus for such period as the nature of the injury or the process of recovery may require."

In reading the two sections together it appears that there are occasions and that under certain circumstances the employer will be required to furnish a claimant suffering from a hernia with a truss or even perhaps other apparatus prior to treatment in a surgical manner by radical operation. The instant case very clearly indicates such circumstances and also that such a condition will arise. Here the claimant was obese and the attending physician prescribed a truss until he lost sufficient weight to undergo suc-

cessfully the surgical procedure. To hold that he should be required to pay for the truss personally and relieve the employer of that expense—in view of the broad language of section 440.13—appears to the commission to be too literal and strict an interpretation of the Act.

The commission is therefore of the opinion that the deputy commissioner in the instant case correctly interpreted the Act and correctly ordered the employer, by and through its carrier, to reimburse the claimant for his expenditures in connection with the purchase of a truss.